# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF INDIANA
## HAMMOND DIVISION

| | |
|---|---|
| RADAR TYLER, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | NO. 2:05-CV-248 |
| ) | (2:98-CR-78) |
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the Court on Defendant's Petition for Writ of Habeas Corpus, filed by Petitioner, Radar Tyler, on June 20, 2005. For the reasons set forth below, this motion is **DENIED**. The Clerk is **ORDERED to DISMISS** this case with prejudice.

BACKGROUND

The facts and procedural posture of the underlying criminal case are lengthy, familiar, and set forth in detail in the Seventh Circuit's published opinion, *United States v. Hicks*, 368 F.3d 801 (7th Cir. 2004). The Court assumes the parties' familiarity with that opinion and the proceedings of this case. After the second trial in this case, Petitioner, Radar Tyler, was convicted by a jury of one count of conspiring to possess with intent to distribute and to distribute 50 grams or more of crack cocaine, in violation of 21 U.S.C. section 846, and two counts of possessing with intent to

distribute in excess of 5 grams of crack cocaine, in violation of 21 U.S.C. section 841(a)(1).

Subsequently, the Court conducted the sentencing in a 3-part process. The Court began with an evidentiary hearing on October 18, 2002. This was followed by a February 21, 2003, hearing where the parties made their respective arguments, including sentencing objections. Finally, on March 14, 2003, the Court made its findings, including that Petitioner had a base offense level of 34 based upon the crack cocaine attributable to him. This level was enhanced by two levels for use of a weapon and two levels for obstruction of justice, finding that Petitioner testified at the first trial that he was not involved in the charged drug conspiracy. With an offense level of 38 and criminal history category of II, Petitioner was sentenced to a 295 month term of imprisonment on each count, to run concurrently. Petitioner appealed his conviction to the Seventh Circuit Court of Appeals, which affirmed his conviction in the aforementioned published opinion.

Petitioner has filed the instant motion pursuant to 28 U.S.C. section 2255, raising three claims related to his sentencing. First, Petitioner claims his Sixth Amendment rights were violated under *United States v. Booker*, 125 S. Ct. 738 (2005). Second, Petitioner asserts the Court incorrectly imposed the two level obstruction of justice enhancement. Third, Petitioner maintains that the Court erred when it enhanced his offense level for use of a gun.

DISCUSSION

Habeas Corpus

Habeas corpus relief under 28 U.S.C. section 2255 is reserved for "extraordinary situations." *Prewitt v. United States*, 83 F.3d 812, 816 (7th Cir. 1996). In order to proceed on a habeas corpus petition pursuant to 28 U.S.C. section 2255, a federal prisoner must show that the district court sentenced him in violation of the Constitution or laws of the United States, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack. *Id.*

A section 2255 motion is neither a substitute for nor recapitulation of a direct appeal. *Id.; see also Belford v. United States*, 975 F.2d 310, 313 (7th Cir. 1992), *overruled on other grounds by Castellanos v. United States*, 26 F.3d 717 (7th Cir. 1994). As a result:

> [T]here are three types of issues that a section 2255 motion cannot raise: (1) issues that were raised on direct appeal, absent a showing of changed circumstances; (2) nonconstitutional issues that could have been but were not raised on direct appeal; and (3) constitutional issues that were not raised on direct appeal, unless the section 2255 petitioner demonstrates cause for the procedural default as well as actual prejudice from the failure to appeal.

*Belford*, 975 F.2d at 313. Additionally, aside from demonstrating "cause" and "prejudice" from the failure to raise constitutional errors on direct appeal, a section 2255 petitioner may alternatively pursue such errors after demonstrating that the district court's

refusal to consider the claims would lead to a fundamental miscarriage of justice. *McCleese v. United States*, 75 F.3d 1174, 1177 (7th Cir. 1996).

### *Booker*

Petitioner asserts that his Sixth Amendment rights were violated under *United States v. Booker*. Among other things, *Booker* mandated that the calculations contained in the United States Sentencing Guidelines are advisory, rather than mandatory. Based on that predicate, which did not exist when Petitioner was sentenced, Petitioner contends that he should be resentenced under the now advisory sentencing guidelines. *Booker*, however, "does not apply retroactively to criminal cases that became final before its release on January 12, 2005." *McReynolds v. United States*, 397 F.3d 479, 481 (7th Cir. 2005). Because Petitioner's case became final before January 12, 2005, he is unable to pursue this line of reasoning.

### Obstruction of Justice

As set forth above, section 2255 is a mechanism that can remedy constitutional and other federal violations. However, a misapplication of the sentencing guidelines is not in itself grounds for relief under section 2255. *United States v. Wisch*, 275 F.3d 620, 625 (7th Cir. 2001). Thus, Petitioner's instant complaint regarding the application of the obstruction of justice enhancement is misplaced

in its current context.  This is of no consequence, however, as the claim would nevertheless fail on its merits.

Obstructing or impeding the administration of justice is cause for a 2-level enhancement of the base offense.  Obstruction of justice is set forth in §3C1.1 of the U.S.S.G., which provides:

> If (A) the defendant willfully obstructed or impeded, or attempted to obstruct or impede, the administration of justice during the course of the investigation, prosecution, or sentencing of the instant offense of conviction, and (B) the obstructive conduct related to (i) the defendant's offense of conviction and any relevant conduct; or (ii) a closely related offense, increase the offense level by **2** levels.

In the first trial, Petitioner testified under oath and denied any involvement in the conspiracy. After remand, Petitioner was subjected to a second trial, wherein he did not testify.  At sentencing for the conviction resulting from the second trial, this Court found that Petitioner's testimony was material to the issues in the case, was false, and constituted perjury.  As such, the obstruction of justice enhancement was given.

Petitioner claims that the obstruction of justice enhancement was given in error for two reasons.  First, he claims that this Court's reliance on his testimony was misplaced, as that testimony only related to the first trial and not the second.  This Court disagrees. The Commentary to §3C1.1 illustrates that this enhancement is proper anytime a defendant's obstructive conduct occurs throughout a case, whether it be during the course of the investigation, the prosecution

or at sentencing. U.S. SENTENCING GUIDELINES MANUAL §3C1.1 cmt. n. 1 (2002). Obviously, Petitioner's obstruction took place during part, albeit the first part, of the prosecution of this case. Thus, the enhancement is proper. *See, e.g., United States v. Oplinger*, 150 F.3d 1061, 1070 (9th Cir. 1998)(allowing enhancement when defendant committed perjury at first trial and did not testify at second trial).

Second, Petitioner sets forth that the Court erroneously applied the obstruction of justice enhancement because the Court did not annunciate each element of perjury. Specifically, Petitioner complains that there was no explicit finding that the false testimony was given intentionally, rather than as a result of confusion, mistake or faulty memory. It is true that to apply an obstruction of justice enhancement, the Court must make an independent factual finding that Petitioner engaged in a willful attempt to provide false testimony. *United States v. Kroledge*, 201 F.3d 900, 905 (7th Cir. 2000). At sentencing, the Court made the factual finding the Petitioner committed perjury, which is the making of a knowingly false statement. BLACK'S LAW DICTIONARY 1139 (6th ed. 1990). Thus, the Court did, in fact, find that Petitioner willfully provided false testimony. As such, the enhancement was appropriate.

Dangerous Weapon Enhancement

As stated earlier, complaints regarding the application of the sentencing guidelines are not in themselves grounds for relief under

section 2255. Thus, Petitioner's complaint regarding the application of this enhancement is misplaced. This is again without consequence though, as the claim fails on its merits as well.

Section 2D1.1(b)(1) allows a defendant's base offense level to be increased by two levels for weapon possession. If a firearm was present, "unless it is clearly improbable that the weapon was connected to the offense. For example, the enhancement would not apply if the defendant, arrested at his residence, had an unloaded hunting rifle in the closet." U.S. SENTENCING GUIDELINES MANUAL §2D1.1(b)(1) cmt. n. 3 (2002). Petitioner claims that "[a]lthough there was ample evidence concerning the possession and use of guns during the time frame of the conspiracy, there is little persuasive evidence that the gun(s) were connected to the offense for which Mr. Tyler was convicted." (Pet. Mot. p. 7). However, Petitioner fails to take into account that this Court found that during the execution of at least four searches of crack cocaine houses operated by Petitioner and his co-conspirators, drugs, firearms and money were found. (Sent. Tr. I, p. 7 March 14, 2003). As firearms are tools of the drug trade, it was not clearly improbable that the weapons were a part of the selling of drugs. Indeed, there was evidence presented that Petitioner used a firearm when shooting at rival gang members, (Tr. Vol. IV, p. 27), and also threatened one of his co-conspirators with a firearm in a dispute over conspiracy drug sales. (Tr. Vol. IV, pp. 23, 30).

CONCLUSION

For the reasons set forth above, this motion is **DENIED**.  The Clerk is **ORDERED to DISMISS** this case with prejudice.


**DATED:  June 26, 2006**              /s/RUDY LOZANO, Judge
                                       **United States District Court**